IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER W. GABLE**  **PLAINTIFF**

**V.**      **CASE NO. 4:20-cv-1519 JM**

**UNITED STATES DEPARTMENT OF**  **DEFENDANTS**
**JUSTICE,** *et al.*

**ORDER**

Plaintiff Christopher W. Gable, currently in custody at the Sheridan City Detention Center while awaiting a "U.S. probation revocation hearing," filed a *pro se* complaint and application for leave to proceed *in forma pauperis* (IFP), which was granted. (Doc. No. 1; Doc. No. 16; Doc. No. 19). Gable's incarceration and *in forma pauperis* status trigger automatic screening of his Complaint. (Doc. Nos. 1, 8, 11, 17.) 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A

**I.     Screening**

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235- 236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## II.     Background

Gable sued the United States Department of Justice, the United States Probation Services, and United States Probation Officers Ashley Pratt and Jessica D. Blasingame in their personal and official capacities.  (Doc. No. 1 at 3; Doc. No. 8 at 1).  On May 2, 2018, Gable was sentenced in the United States District Court for the Northern District of Mississippi to 12 months imprisonment followed by 24 months of supervised release. (Doc. No. 1 at 3; Doc. No. 17 at 3.)  On or around Mach 18, 2019, Gable was released on supervised release.  (Doc. No. 1 at 3.)  According to Gable, he was required to enter in-patient rehabilitation upon release.  (Doc. No. 1 at 3-4; Doc. No. 11 at 1-3; Doc. No. 17 at 2-3).  Gable alleges Pratt, his probation officer at the time, was negligent by not enforcing

the court order directing he be placed in in-patient rehab. (Doc. No. 1 at 7; Doc. No. 11 at 1-3; Doc. No. 17 at 4). He also makes an equal protection claim against Pratt. (Doc. No. 17 at 3).

Gable explains that as a result of not participating in in-person rehab, he became homeless, could not find work, and rushed into a marriage with a woman he did not know. (Doc. No. 17 at 6.) Then, in March 2020, he was arrested for domestic violence and was "violated for a probation violation." (*Id*.) Gable asserts Blasingame committed a federal crime "by submitting misleading and false information in motions filed with the United States District Court in the Eastern District of Arkansas" and "by giving false and misleading statements in court while under oath." (Doc. No. 1 at 8.) Gable seeks declaratory judgment and damages. (Doc. No. 1 at 8-10; Doc. No. 11 at 3; Doc. No. 17 at 7).

### III. Discussion

Gable brought suit under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act, and 42 U.S.C. § 1983. For the reasons set out below, Gable failed to state a claim on which relief may be granted. Accordingly, his Complaint will be dismissed without prejudice.

### A. *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*

"[A] Bivens action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006). In determining whether Gable's *Bivens* claims survives screening under 28 U.S.C. § 1915(e) and

28 U.S.C. § 1915A, the first question is whether his case is "the type for which a *Bivens* remedy is available." *Farah v. Weyker*, 926 F.3d 492, 487 (8th Cir. 2019). The Court of Appeals for the Eighth Circuit has instructed that there are two steps in determining whether an implied cause of action under *Bivens* is available. *Farah*, 926 F.3d at 498. The first step is to ascertain whether the case presents "one of 'the three Bivens claims the [Supreme] Court has approved in the past' or if the case would extend Bivens to a new context. (*Id.*) The three cases in which the Supreme Court allowed a *Bivens* claim included *Bivens* itself (allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment); *Carlson v. Green*, 446 U.S. 14 (1980) (failure to treat prisoner's asthma in violation of the Eighth Amendment); and *Davis v. Passman*, 442 U.S. 228 (1979) (administrative assistant was allowed to sue congressman for gender discrimination under the Fifth Amendment after he fired her). (*Id.*)

Gable's allegations do not present one of the *Bivens* claims allowed to proceed earlier. Here, as in *Farah*, the Defendants' alleged unlawful acts are different from those alleged in any *Bivens* action and the injury is different. These differences lead the Court to question whether this Court is "well suited . . . to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858 (2017). Courts must ask if there are "'special factors [that] counse[l] hesitation'" about extending *Bivens* to a new context. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal citation omitted). Aware that expanding the *Bivens* remedy "is now a 'disfavored' judicial activity," *Abassi*,137 S.C. at 1857, the Court finds under the circumstances of this case

that *Bivens* should not be extended. For example, other remedies are available. (*See Ahmed v. Weyker*, 984 F.3d 564, 571 (8th Cir. 2020); *Abbasi,* 137 S. Ct. at 1865; *Farah*, 926 F.3d at 500-02). Gable apparently is aware of that fact already. He alleged negligence and sued under the Federal Tort Claims Act. Providing a damages remedy for Gable's alleged wrongs in this case lies in Congress's realm. *Ahmed*, 984 F.3d at 570-71; *Farah*, 926 F.3d at 498.

### B. Federal Torts Claims Act

Gable makes a claim against Defendants under the Federal Torts Claims Act ("FTCA"). Exhaustion of administrative remedies is a jurisdictional prerequisite to FTCA claims. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996). The law provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If an agency fails to make a final disposition of the claim within six months after it is filed, the failure is "deemed a final denial of the claim . . . ." *Id*.

Gable does not assert that he has exhausted his FTCA claims. Further, an FTCA claim can be brought only against the United States. *See* 28 U.S.C. § 1346(b)(1); *Duncan v. Dept. of Labor*, 313 F.3d 445, 447 (8th Cir. 2002). An FTCA claim cannot be brought against an individual federal employee. *See Knowles v. United States*, 91 F. 3d 1147, 1150 (8th Cir. 1996). So, when an individual is injured by the negligence of an "employee of

the United States who is acting within the scope of his employment, that employee cannot be sued. Rather, the injured person must sue the United States which is liable in its employee's stead." *Id*. Similarly, an FTCA cannot be brought against a federal agency. *See Duncan*, 313 F.3d at 447. Gable did not name the United States as a Defendant. Accordingly, Gable failed to state an FTCA claim on which relief may be granted.

### C.  42 U.S.C. § 1983

Gable brings claims under 42 U.S.C. § 1983 as an alternative to *Bivens*. (Doc. No. 1 at 1.) To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Gable has not identified any state actor in his Complaint, and he has not alleged that any Defendant was acting under the color of state law. (Doc. No. 1). As such, Gable's § 1983 claims fail.

**IV.    Conclusion**

1.      Gables Complaint (Doc. Nos. 1, 8, 11, 17) is DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief may be granted.

2.      This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order and accompanying Judgment is considered frivolous and not in good faith.

IT IS SO ORDERED this 2nd day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE